

# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
51 WEST 52ND STREET
NEW YORK, NEW YORK 10019-6142

tel +1-212-506-5000
fax +1-212-506-5151

WWW.ORRICK.COM

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 06/24/14
```

June 23, 2014

Sarah Walcavich
(212) 506-3776
Swalcavich@orrick.com

**BY E-MAIL**

Honorable Richard J. Sullivan
United States District Court
for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Pichardo v. Francisco,* No 1:13-cv-04300-RJS (S.D.N.Y.)

**MEMO ENDORSED**

Dear Judge Sullivan:

We represent Plaintiff Idalmy Pichardo in the above-captioned matter. We write to request that the Court enter an order compelling Defendants to provide complete responses to Plaintiff's Interrogatories and Document Requests on or before July 1, 2014.

To aid in the enforcement of this Court's Default Judgment (Dkt. 25), which remains unsatisfied, on January 6, 2014, Plaintiff served Plaintiff's First Set of Document Requests to Defendant Arturo Francisco and Plaintiff's First Set of Document Requests to Defendant Expressway Parking Lot, Inc. ("Plaintiff's Document Requests") (attached as Exhibit A) and Plaintiff's First Set of Interrogatories to Defendant Arturo Francisco and Plaintiff's First Set of Interrogatories to Defendant Expressway Parking Lot, Inc. ("Plaintiff's Interrogatories") (attached as Exhibit B) (together "Plaintiff's Discovery"). Plaintiff's Document Requests and Interrogatories seek information and non-privileged documents relevant to the value, location and identity of Defendants' assets. To date, neither Defendant has provided a response to Plaintiff's Interrogatories, Defendant Expressway Parking Lot has not provided any response to Plaintiff's Document Requests, and Defendant Francisco has produced only a handful of documents that do not constitute a complete production in response to Plaintiff's Document Requests.

**Despite Plaintiff's Extensive Meet and Confer Efforts, Defendants Have Continually Failed to Meet Their Discovery Obligations**

Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure ("FRCP"), Defendants' responses to Plaintiff's Discovery were due on February 5, 2014. On February 26, 2014, three weeks after Defendants' responses were due, attorney Jack Sachs contacted Plaintiff's counsel and indicated that he had been retained by Defendant Francisco to "review the voluminous documentation he


ORRICK

Honorable Richard J. Sullivan
June 23, 2014
Page 2

has in this matter." Throughout the course of multiple telephone conversations during the next few weeks Mr. Sachs repeatedly represented to Plaintiff's counsel that he was working with Defendant to collect, review and produce documents responsive to Plaintiff's Discovery Requests.

Finally, on April 14, 2014, Defendant Francisco served 13 pages of documents that he claimed comprised "everything [he] has with respect to Expressway Parking Lot." ("April 14 Production"). Notably, neither Defendant provided any written responses to Plaintiff's Document Requests, and Defendant Expressway Parking Lot failed to produce any documents. Further, Defendant Francisco's production was grossly incomplete, as he failed to produce any documents responsive to the majority of Plaintiff's Document Requests. In fact, the entirety of his first production was relevant to only one of Plaintiff's Requests – Request No 27. Defendant Francisco failed to produce any documents in response to Plaintiff's remaining 26 requests, including documents that are clearly relevant to judgment enforcement such as documents concerning Defendants' ownership of assets or real property; documents relating to bank accounts and identifying the banks where Defendants maintain such accounts; and documents relating to any moneys, debts or judgments owed to Defendants. *See* Exhibit A at Requests for Production Nos. 1, 2, 7, 8, 15 and 16.

Following the receipt of Defendant Francisco's deficient production, Plaintiff attempted to contact Mr. Sachs on multiple occasions to discuss Defendants' failure to fully respond to Plaintiff's Discovery Requests. After leaving several telephone messages, on May 5, 2014, Plaintiff sent a letter to Mr. Sachs setting forth the deficiencies in Defendants' Responses and indicating Plaintiff would seek to file a motion to compel if Defendants did not respond before May 16, 2014. Mr. Sachs responded via email on May 6, 2014, indicating that he had provided Mr. Francisco with "a 'to do' list" of items to obtain and "expect[ed] to have whatever he'll bring within a day or two (or maybe three)." Nevertheless, Defendants failed to provide any additional responses to Plaintiff's Discovery.

Plaintiff called Mr. Sachs again on May 28, 2014 to inquire about the status of the promised documents, at which time Mr. Sachs indicated that he was having difficulty obtaining any information from his client. On May 30, 2014, Mr. Sachs called to inform Plaintiff that he was meeting with Mr. Francisco that afternoon, expected to receive relevant documents, and promised to follow up after their meeting. Plaintiff called Mr. Sachs on June 4, 2014 seeking a status update and left a message informing him of Plaintiff's intent to seek leave to file a motion to compel if Defendants did not provide responses to Plaintiff's Document Requests and Interrogatories by Friday, June 6, 2014. When Defendants again failed to provide responses, Plaintiff filed a letter with this Court on June 10, 2014, seeking leave to file an *ex parte* letter asking that Defendants be compelled to respond to Plaintiff's Interrogatories and produce all


ORRICK

Honorable Richard J. Sullivan
June 23, 2014
Page 3

non-privileged documents in their possession, custody or control that are responsive to Plaintiff's Document Requests. The Court granted Plaintiff's request on June 12, 2014 (Dkt. 29).

On June 18, 2014, Mr. Sachs again emailed Plaintiff's counsel, indicating that his client "just called me, and is coming to see me tomorrow morning, so I believe I will be able to comply with your request." On June 23, 2014, Plaintiff received a letter from Mr. Sachs, enclosing "copies of everything that my client brought to our meeting," and acknowledging "apparently there are still some things missing." ("June 23 Production"). Enclosed were fifteen pages of documents that Mr. Sachs stated were responsive to Plaintiff's Document Requests, 1, 2, 5, 6, 11, 12, 17, 18, 21 and 22. Mr. Sachs further represented that Mr. Francisco did not have any documents responsive to Requests 7, 8, 9, 10, 13, 14, 15, 16, 23, or 24. Yet, Defendants did not include any written responses, beyond Mr. Sachs cover letter, certifying the absence of responsive documents.

Further, as Mr. Sach's readily admits, "there are still some things missing." Notably, Mr. Francisco failed to provide any documents in response to Requests 7 and 8 seeking clearly relevant information about the identification of, and documents regarding, bank accounts maintained by Mr. Francisco and Expressway Parking Lot. Mr. Sachs attempts to excuse the absence of such documents by representing that "Mr. Francisco states that he has no bank accounts in his own name. When a check may be needed, he uses checks from the Parking Lot account." This response ignores Plaintiff's separate request for information and documents concerning bank accounts maintained by Expressway Parking Lot. *See* Exhibit A at Request for Production No. 8. Further, Mr. Francisco also failed to provide any response to Plaintiff's Requests 26 and 27, which request relevant documents regarding other corporations or businesses in which Mr. Francisco owns, or previously owned, an interest. This is so despite the fact that a public records search suggests that Mr. Francisco has had an ownership interest in at least one other parking lot business.

Critically, both the April 14 Production and June 23 Production only include documents relevant to Mr. Francisco – they do not contain any documents or responses for Defendant Expressway Parking Lot. Defendant Francisco's admission that some documents may be in the custody of Expressway Parking Lot, rather than Mr. Francisco, highlights Plaintiff's need to obtain responses on behalf of both Defendants. To date, Defendant Expressway Parking Lot has not served any responses to Plaintiff's Document Requests or produced any responsive documents.

In addition, both Defendants have failed to provide any objections or responses to Plaintiff's Interrogatories despite being more than four months delinquent. Plaintiff's Interrogatories seek relevant information such as the identification of Defendants' assets and bank accounts; the identification of real and personal property owned by Defendants; and the identification of



individuals who may have relevant information. *See* Exhibit B at Interrogatories 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 15, 16, 17, 18, 20, and 23.

## Plaintiff Respectfully Requests that the Court Compel Defendants to Provide Complete Responses to Plaintiff's Document Requests and Interrogatories

FRCP 33 governs interrogatories to parties, and requires a party to respond to each interrogatory "separately and fully in writing under oath" within 30 days after being served with the interrogatory. Fed. R. Civ. P. 33(b)(2) and Fed. R. Civ. P. 33(b)(3). Although Defendants' responses to Plaintiff's Interrogatories were due more than four months ago, Defendants have failed to provide any objections or responses. Due to Defendants' failure to timely raise objections to Plaintiff's Interrogatories, any objections are deemed waived. *Techsearch Servs. v. Gorman*, 1999 WL 33024, at *4-5 (S.D.N.Y. 1999).

FRCP 34 governs document requests for parties, and requires a party to respond to "each item or category" set forth in the requests within 30 days by "produc[ing] documents as they are kept in the usual course of business or [by] organiz[ing] and label[ing] them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(B) and Fed. R. Civ. P. 34(b)(2)(E)(i). Defendants have failed to provide any written responses to Plaintiff's Document Requests. Defendants "failure to timely respond to a party's request for documents results in waiver of all objections which could have been seasonably asserted." *Techsearch Servs. v. Gorman*, 1999 WL 33024, at *5-6 (S.D.N.Y. 1999) (internal citations omitted). Further, the documents produced by Defendant Francisco are admittedly incomplete and Defendant Expressway Parking Lot has not produced any documents to date.

When a party fails to answer an interrogatory or request for production, the party seeking discovery may move for an order compelling an answer. Fed. R. Civ. P. 37(a)(3)(B)(iii); Fed. R. Civ. P. 37(a)(3)(B)(iv); *see also Tangorre v. Mako's Inc.*, 2002 WL 206988, at *4 (S.D.N.Y. 2002) (ordering Defendant to produce responses to Plaintiff's interrogatories and requests for production where the "items sought are relevant to the claims alleged in the Amended Complaint, and [Defendant] has not claimed that the requested documents or information are protected by any privilege.") Plaintiff's counsel has engaged in months of meet and confer efforts in attempts to obtain responses to Plaintiff's Interrogatories and Requests for Production. Yet Defendants have not responded to Plaintiff's Interrogatories at all, have not provided any written response to Plaintiff's Document Requests, and only Defendant Francisco has produced any responsive documents, which even his counsel admits are incomplete. One of the most glaring admissions is Defendants' failure to produce any documents concerning their bank accounts – despite Mr. Sachs' representations that such accounts exist in Expressway Parking Lot's name.



# ORRICK

Honorable Richard J. Sullivan
June 23, 2014
Page 5

Because Defendants have not provided any response to Plaintiff's Interrogatories, Plaintiff respectfully requests that this Court enter an order compelling Defendants to provide complete responses to Plaintiff's Interrogatories on or before July 1, 2014. Further, as Defendants have failed to provide any formal responses to Plaintiff's Document Requests, or a complete set of responsive documents, Plaintiff respectfully requests that this Court enter an order compelling Defendant Francisco and Defendant Expressway Parking Lot to provide written responses and produce all non-privileged documents responsive to Plaintiff's Requests for Production in Defendants' possession, custody and control on or before July 1, 2014.

Respectfully submitted,

*Sarah E. Walcavich* (signature)

Sarah E. Walcavich

Enclosure

cc: Dana Sussman, Esq.
Co-Counsel for Plaintiff
safe Horizon Anti-Trafficking Program
50 Court St., 8th Floor
Brooklyn, NY 11201

Jack Sachs, Esq.
Counsel for Defendants
2600 Netherland Ave., #2004
Riverdale, NY 10463

IT IS HEREBY ORDERED THAT Plaintiff's request is GRANTED. IT IS FURTHER ORDERED THAT Defendants, no later than July 1, 2014, shall (1) give complete responses to Plaintiff's Interrogatories, and (2) provide written responses and produce all non-privileged documents responsive to Plaintiff's Requests for Production in Defendants' possession, custody, or control. IT IS FURTHER ORDERED THAT Plaintiff's counsel shall serve Defendants with a copy of this Order and file a certificate of service on ECF indicating that this service was effectuated. IT IS FURTHER ORDERED THAT defense counsel enter a notice of appearance within one day of receipt of this Order.

SO ORDERED
Dated: 6/23/14
RICHARD J. SULLIVAN
U.S.D.J.